

## Notice of Service of Process

null / ALL
Transmittal Number: 23114870
Date Processed: 04/27/2021

| | |
|---|---|
| Primary Contact: | Matthew Wilson<br>Ollie's Bargain Outlet Inc.<br>6295 Allentown Blvd<br>Ste 1<br>Harrisburg, PA 17112-2693 |
| Electronic copy provided to: | Kim Cashman<br>Cathy Wright |

| | |
|---|---|
| Entity: | Ollie's Bargain Outlet, Inc.<br>Entity ID Number  2439706 |
| Entity Served: | Ollies Bargain Outlet Inc |
| Title of Action: | Rose Roberson vs. Ollie's Bargain Outlet, Inc. |
| Matter Name/ID: | Rose Roberson vs. Ollie's Bargain Outlet, Inc. (11177750) |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Personal Injury |
| Court/Agency: | Richmond City Circuit Court, VA |
| Case/Reference No: | 760CL20002191-00 |
| Jurisdiction Served: | Virginia |
| Date Served on CSC: | 04/26/2021 |
| Answer or Appearance Due: | 21 Days |
| Originally Served On: | CSC |
| How Served: | Personal Service |
| Sender Information: | Michael R. Krol<br>804-271-1969 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
251 Little Falls Drive, Wilmington, Delaware 19808-1674  (888) 690-2882  |  sop@cscglobal.com



# COMMONWEALTH OF VIRGINIA



RICHMOND CITY CIRCUIT COURT
Civil Division
400 NORTH 9TH STREET
RICHMOND VA 23219

Summons

To: OLLIES BARGAIN OUTLET INC
SERVE: CORPORATION SERVICE
COMPANY, REGISTERED AGENT
100 SHOCKOE SLIP, SECOND FLOOR

Case No. 760CL20002191-00

The party upon whom this summons and the attached complaint are served is hereby notified that unless within 21 days after such service, response is made by filing in the clerk's office of this court a pleading in writing, in proper legal form, the allegations and charges may be taken as admitted and the court may enter an order, judgment, or decree against such party either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Thursday, April 22, 2021

Clerk of Court: EDWARD F JEWETT

by _____
(CLERK/DEPUTY CLERK)

Instructions:

Hearing Official:

Attorney's name: KROL, MICHAEL R
6601 IRONGATE SQUARE, SUITE A
RICHMOND VA 23234
804.271.1969

VIRGINIA:

IN THE CIRCUIT COURT FOR THE CITY OF RICHMOND

ROSE ROBERSON,
    Plaintiff,

v.                             Case No.: 20-2191-7

OLLIE'S BARGAIN OUTLET, INC.,
    Defendant.

## COMPLAINT

COMES NOW the Plaintiff, ROSE ROBERSON, by counsel, and moves for judgment and an award of execution against the Defendant, OLLIE'S BARGAIN OUTLET, INC., on the grounds and in the amount set forth below.

1. Defendant, OLLIE'S BARGAIN OUTLET, INC. own, operate, and/or lease a commercial retail store that is open to the public and located at 3950 Meadowdale Blvd, Richmond, VA 23234.

2. That the commercial retail store located at 3950 Meadowdale Blvd, Richmond, VA 23234 during the relevant time period was and is known as Ollie's Bargain Outlet.

3. That on or about June 27, 2018, the Plaintiff, ROSE ROBERSON was a business invitee at the Ollie's Bargain Outlet, located at 3950 Meadowdale Blvd, Richmond, VA 23234.

4. That on or about June 27, 2018, the Plaintiff, while exercising the care and caution reasonably expected while exiting the store, tripped over a pallet containing a display of laundry detergent and/or got her foot caught on a pallet and fell.

5. That as a result of the dangerous, defective and hazardous condition created by the Defendants the Plaintiff, ROSE ROBERSON suffered bodily injuries.

RECEIVED AND FILED
CIRCUIT COURT 8:30
MAY 22 2020
EDWARD F. JEWETT, CLERK
BY _____ DC D.C.

## Count I: Negligence

6. Paragraphs 1 through 5 are hereby incorporated by this reference and made a part as if restated in full.

7. That on or about June 27, 2018, the laundry detergent display on the Premises did not have a covering over the lower area of the open sides of the wooden pallet on which the display was placed.

8. As the Plaintiff walked past the laundry detergent display to leave the store, her foot got caught on the open side of the wooden pallet causing her to trip, losing her balance and falling on the floor.

9. At all times relevant to this action, the Premises was open to the public for shopping. The Plaintiff, as a member of the public, was there for that reason. As such, Plaintiff was an invitee of Defendant.

10. At all times relevant to this action, Plaintiff, as an invitee, had the right to assume that the Premises were safe for her visit.

11. That the Defendant created an inherently dangerous condition; had actual and/or constructive knowledge of this inherently dangerous condition; and/or; knew or should have known that a dangerous condition existed.

12. That the Defendant, through their agents and employees, knew or should have known of the inherently dangerous condition.

13. That the Defendant knew or should have known, through their own actual or constructive knowledge, or through that of their agents or employees, that the condition carried an unreasonable risk of harm to invitees.

14. That the Defendant knew or should have known that an injury such as the one sustained by Plaintiff was the natural and foreseeable consequence of such a hazardous condition.

15. That the Defendant had a duty to ensure that they maintained their retail location and provided services, in a manner and in a location reasonably safe for Plaintiff's use as a business invitee.

16. That the Defendant had a duty to make their location and services reasonably safe for Plaintiff's use as a business invitee once the hazardous condition developed.

17. That the Defendant failed to take reasonable steps to make their location and services reasonably safe for business invitees, including the Plaintiff, following the development of the hazardous condition in the store.

18. That as a result of the Defendant's failure to take reasonable steps to make their location and services reasonably safe for business invitees the hazardous condition was present when the Plaintiff was exiting the store when she tripped over a pallet containing a display of laundry detergent on June 27, 2018.

19. That the Defendant had a duty to warn Plaintiff of the existence and location of the hazardous condition of which they had actual and/or constructive knowledge.

20. That the Defendant did not, and made no effort to, warn Plaintiff of the hazardous condition in question.

21. That the Defendant's failure to maintain their location and services in a reasonably safe condition, failure to make their location and services reasonably safe after the condition developed, and failure to notify business invitees, including the Plaintiff, of the hazardous condition, unreasonably breached their common law duties to the Plaintiff.

22. That as a direct and proximate consequence of these breaches of duty, Plaintiff suffered bodily injuries.

23. That the injuries suffered by Plaintiff were reasonably foreseeable to the Defendants' and their agents.

24. That the Defendants' unreasonable breach of their duties to the Plaintiff, being the direct and proximate cause of Plaintiff's injuries, constitute negligence.

25. That as a direct and proximate result of the Defendants' recklessness, gross negligence, per se negligence, ordinary negligence, and / or nuisance, combined and concurring, and under theories of agency/principal, master/servant and/or *respondent superior*, the Plaintiff, ROSE ROBERSON was caused to sustain serious and permanent injuries; has incurred permanent scarring and disfigurement; has suffered and will continue to suffer pain of body and mind; and has had her ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

## COUNT II – NUISANCE

26. Paragraphs 1 through 25 are hereby incorporated by this reference and made a part as if restated in full.

27. The Defendant had a duty of care to the Plaintiff and others on or near their property to make their store reasonably safe while entering or exiting the store or taking measures necessary to ensure that their business invitees would not come into contact with the dangerous placement of the pallet that displayed laundry detergent, to not create a nuisance or allow a nuisance to be created; to maintain immediate control over its premises and equipment so as not to give rise to a nuisance; and to abate any nuisance existing in such areas before they pose a risk of harm to members of the public.

28. Notwithstanding such duties, the Defendant allowed a nuisance to come into existence on the property, and in areas used by and travelled upon by the public; failed to maintain immediate control over the dangerous placement of the pallet displaying laundry detergent or take measures to ensure the placement of the pallet displaying laundry detergent was secured and placed in such a manner as to prevent business invitees on the property like the Plaintiff, from falling, tripping and/or injuring themselves while entering or exiting their business such that a nuisance arose in an area used by and travelled upon by the public; and failed to abate the nuisance which had come into existence on the property in an area used by and travelled upon by the public.

29. The breach of duties described herein, the failure of the Defendant to secure and properly place the pallet displaying the laundry detergent that created a dangerous hazardous condition and to undertake measures to ensure the walkways while entering and exiting the store are safe and reasonable to business invitees and others on the property, imperiled the safety and endangered the well-being of the Plaintiff and others who were on or near the property, who did not know or have reason to know of the dangerous condition.

28. That as a direct and proximate result of the Defendant's creating a nuisance, maintaining a nuisance, and/or failing to abate said nuisance, the Plaintiff, ROSE ROBERSON was caused to sustain serious and permanent injuries; has incurred permanent scarring and disfigurement; has suffered and will continue to suffer pain of body and mind; and has had her ability to engage in and enjoy life adversely affected on account of the incident and resulting injuries.

**WHEREFORE**, the Plaintiff, ROSE ROBERSON demands judgment against the Defendant, OLLIE'S BARGAIN OUTLET, INC. jointly and severally, in the sum of ONE MILLION FIVE HUNDRED THOUSAND AND 00/100 DOLLARS ($1,500,000.00) for

compensatory damages, her costs expended in this action and prejudgment interest from the date of injury, under the theory of *respondent superior,* master/servant, vicarious liability and agency principles.

**TRIAL BY JURY IS DEMANDED.**

ROSE ROBERSON,

BY: _____
Counsel

Emmet D. Alexander, Esquire (VSB No. 41248)
Michael R. Krol, Esquire (VSB No. 80584)
Robert G. Maury, Esquire (VSB No. 88233)
Alexander Law Group, PLC
6601 Irongate Square, Suite A
Richmond, Virginia 23234
☎ 804-271-1969
📠 804-271-0806
michael@alexanderlawgroupplc.com

COVER SHEET FOR FILING CIVIL ACTIONS
COMMONWEALTH OF VIRGINIA

Case No. ..................................................
(CLERK'S OFFICE USE ONLY)

City of Richmond .......................................... Circuit Court

Rose Roberson ............................... v./In re: ............... Ollie's Bargain Outlet, Inc. et, al. ..........
PLAINTIFF(S) — DEFENDANT(S)

I, the undersigned [ ] plaintiff [ ] defendant [X] attorney for [X] plaintiff [ ] defendant hereby notify the Clerk of Court that I am filing the following civil action. (Please indicate by checking box that most closely identifies the claim being asserted or relief sought.)

**GENERAL CIVIL**
Subsequent Actions
[ ] Claim Impleading Third Party Defendant
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Counterclaim
  [ ] Monetary Damages
  [ ] No Monetary Damages
[ ] Cross Claim
[ ] Interpleader
[ ] Reinstatement (other than divorce or driving privileges)
[ ] Removal of Case to Federal Court
Business & Contract
[ ] Attachment
[ ] Confessed Judgment
[ ] Contract Action
[ ] Contract Specific Performance
[ ] Detinue
[ ] Garnishment
Property
[ ] Annexation
[ ] Condemnation
[ ] Ejectment
[ ] Encumber/Sell Real Estate
[ ] Enforce Vendor's Lien
[ ] Escheatment
[ ] Establish Boundaries
[ ] Landlord/Tenant
  [ ] Unlawful Detainer
[ ] Mechanics Lien
[ ] Partition
[ ] Quiet Title
[ ] Termination of Mineral Rights
Tort
[ ] Asbestos Litigation
[ ] Compromise Settlement
[ ] Intentional Tort
[ ] Medical Malpractice
[ ] Motor Vehicle Tort
[ ] Product Liability
[ ] Wrongful Death
[X] Other General Tort Liability

**ADMINISTRATIVE LAW**
[ ] Appeal/Judicial Review of Decision of (select one)
  [ ] ABC Board
  [ ] Board of Zoning
  [ ] Compensation Board
  [ ] DMV License Suspension
  [ ] Employee Grievance Decision
  [ ] Employment Commission
  [ ] Local Government
  [ ] Marine Resources Commission
  [ ] School Board
  [ ] Voter Registration
  [ ] Other Administrative Appeal

**DOMESTIC/FAMILY**
[ ] Adoption
  [ ] Adoption – Foreign
[ ] Adult Protection
[ ] Annulment
  [ ] Annulment – Counterclaim/Responsive Pleading
[ ] Child Abuse and Neglect – Unfounded Complaint
[ ] Civil Contempt
[ ] Divorce (select one)
  [ ] Complaint – Contested*
  [ ] Complaint – Uncontested*
  [ ] Counterclaim/Responsive Pleading
  [ ] Reinstatement – Custody/Visitation/Support/Equitable Distribution
[ ] Separate Maintenance
  [ ] Separate Maintenance Counterclaim

**WRITS**
[ ] Certiorari
[ ] Habeas Corpus
[ ] Mandamus
[ ] Prohibition
[ ] Quo Warranto

**PROBATE/WILLS AND TRUSTS**
[ ] Accounting
[ ] Aid and Guidance
[ ] Appointment (select one)
  [ ] Guardian/Conservator
  [ ] Standby Guardian/Conservator
  [ ] Custodian/Successor Custodian (UTMA)
[ ] Trust (select one)
  [ ] Impress/Declare/Create
  [ ] Reformation
[ ] Will (select one)
  [ ] Construe
  [ ] Contested

**MISCELLANEOUS**
[ ] Amend Death Certificate
[ ] Appointment (select one)
  [ ] Church Trustee
  [ ] Conservator of Peace
  [ ] Marriage Celebrant
[ ] Approval of Transfer of Structured Settlement
[ ] Bond Forfeiture Appeal
[ ] Declaratory Judgment
[ ] Declare Death
[ ] Driving Privileges (select one)
  [ ] Reinstatement pursuant to § 46.2-427
  [ ] Restoration – Habitual Offender or 3rd Offense
[ ] Expungement
[ ] Firearms Rights – Restoration
[ ] Forfeiture of Property or Money
[ ] Freedom of Information
[ ] Injunction
[ ] Interdiction
[ ] Interrogatory
[ ] Judgment Lien-Bill to Enforce
[ ] Law Enforcement/Public Official Petition
[ ] Name Change
[ ] Referendum Elections
[ ] Sever Order
[ ] Taxes (select one)
  [ ] Correct Erroneous State/Local
  [ ] Delinquent
[ ] Vehicle Confiscation
[ ] Voting Rights – Restoration
[ ] Other (please specify)

[X] Damages in the amount of $ 1,500,000.00 are claimed.

5/18/2020
DATE

[ ] PLAINTIFF [ ] DEFENDANT [X] ATTORNEY FOR [X] PLAINTIFF [ ] DEFENDANT

Michael R. Krol
PRINT NAME
6601 Irongate Square, Suite A, Richmond, VA 23234 / 271-1969
ADDRESS/TELEPHONE NUMBER OF SIGNATOR
Michael@alexanderlawgroupplc.com
EMAIL ADDRESS OF SIGNATOR (OPTIONAL)

*"Contested" divorce means any of the following matters are in dispute: grounds of divorce, spousal support and maintenance, child custody and/or visitation, child support, property distribution or debt allocation. An "Uncontested" divorce is filed on no fault grounds and none of the above issues are in dispute.

FORM CC-1416 (MASTER) PAGE ONE 07/16