IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ROSE ROBERSON, )
)
      Plaintiff, )
)
v. )   Civil Action No. 3:21-cv-312–HEH
)
OLLIE'S BARGAIN OUTLET, INC., )
)
      Defendant. )

# MEMORANDUM OPINION
(Granting Defendant's Motion for Summary Judgment)

While shopping at an Ollie's Bargain Outlet, Inc. ("Ollie's" or "Defendant") store on June 27, 2018, Rose Roberson ("Plaintiff" or "Roberson") tripped on a pallet display and fell. On May 22, 2020, Roberson filed suit against Ollie's in the Circuit Court for the City of Richmond, Virginia, alleging that Ollie's negligence caused her to trip and fall. (Notice of Removal, ECF No. 1.) Ollie's removed the case to this Court on June 17, 2021.[1] (*Id.*)

Currently before the Court is Defendant's Motion for Summary Judgment (the "Motion") filed on December 23, 2021. (ECF No. 19.) The parties have submitted memoranda supporting their respective positions. The Court heard oral argument on February 9, 2022, and the Motion is now ripe for review. For the reasons stated below, the Court will grant Defendant's Motion for Summary Judgment.

---

[1] Defendant was not served with a summons and copy of Plaintiff's Complaint until April 26, 2021. Thus, Defendant timely removed the case to federal court within 30 days of receiving that summons. *See* 28 U.S.C. § 1446(b)(1).

Pursuant to Rule 56, summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The relevant inquiry is "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine factual dispute exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–86 (1986).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247–48. A material fact is one that might affect the outcome of a party's case. *Id.* at 248; *Hogan v. Beaumont*, 779 Fed. App'x 164, 166 (4th Cir. 2019). A genuine issue concerning a material fact only arises when the evidence, viewed in the light most favorable to the nonmoving party, is sufficient to allow a reasonable trier of fact to return a verdict in the party's favor. *Anderson*, 477 U.S. at 248.

The existence of a mere scintilla of evidence in support of the nonmoving party as well as conclusory allegations or denials, without more, are insufficient to withstand a summary judgment motion. *Tom v. Hosp. Ventures LLC*, 980 F.3d 1027, 1037 (4th Cir. 2020). Accordingly, to deny a motion for summary judgment, "[t]he disputed facts must be material to an issue necessary for the proper resolution of the case, and the quality and

quantity of the evidence offered to create a question of fact must be adequate.'" *Thompson Everett, Inc. v. Nat'l Cable Advert.*, 57 F.3d 1317, 1323 (4th Cir. 1995) (citing *Anderson*, 477 U.S. at 252). "[T]here must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted.'" *Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 213 (4th Cir. 2007) (citing *Anderson*, 477 U.S. at 249–50). When applying the summary judgment standard, courts must construe the facts in the light most favorable to the nonmoving party and may not make credibility determinations or weigh the evidence. *Holland*, 487 F.3d at 213.

Applying this standard, the relevant facts are as follows. On June 27, 2018, Roberson went to the Ollie's store located at 3950 Meadowdale Boulevard in Richmond, Virginia. After shopping for some time, Roberson checked out at the cash register and walked towards the exit of the store. (Security Video, ECF No. 20-1; Roberson Dep. 22:19–23:11, ECF No. 20-3.) In front of the store exit, Roberson stopped next to a laundry detergent display. (Security Video.) The display consisted of a wooden pallet at the bottom topped with a waist-high stack of cardboard boxes and large jugs of detergent. (*Id.*) The edge of the pallet was almost flush with the cardboard boxes stacked on top of it such that the whole display had one consistent edge.[2] (*Id.*) Roberson placed her purse on the corner of the display, opened it, and returned her credit card and receipt into the purse. (*Id.*; Roberson Dep. 23:24–24:12.)

---

[2] The Security Video reveals that the pallet stuck out from the rest of the display by about ¼ of an inch. (*Id.*)

3

After approximately 16 seconds, Roberson retrieved her purse and proceeded towards the store exit. (Security Video; Roberson Dep. 24:13–19.) As she moved towards the store exit, her foot caught on the corner of the pallet at the bottom of the display. (Roberson Dep. 25:4–17.) Roberson then fell over the corner of the display onto the floor, knocking over a couple of laundry detergent jugs as she fell. (Security Video.) After Roberson composed herself, her niece and two store employees helped her up, and she walked away unaided. (*Id.*; Roberson Dep. 25:18–26:10.)

Among other grounds, Defendant argues that summary judgment is appropriate because the risk of tripping over the display was open and obvious and thus, Plaintiff was contributorily negligent in failing to avoid it.[3] (Def.'s Mem. Supp. at 11–12.) Under Virginia law, a shopper visiting a retail store is an invitee of the store operator. *Colonial Stores Inc. v. Pulley*, 125 S.E.2d 188, 190 (Va. 1962); *Franconia Assocs. v. Clark*, 463 S.E.2d 670, 672–73 (Va. 1990) (describing the scope of an invitee). The parties agree that Roberson was an invitee of Ollie's during the incident. A store operator has a duty to keep the premises in a reasonably safe condition for the invitee's use and to warn the invitee of any hidden unsafe conditions on the premises that the store operator is aware of. *S. Floors and Acoustics, Inc. v. Max-Yeboah*, 594 S.E.2d 908 (Va. 2004).

---

[3] Defendant also argues that its pallet display did not breach any duty of care it owed to Plaintiff and that Plaintiff's injuries were not the foreseeable consequence of its pallet display. (Def.'s Mem. Supp. at 7–10, ECF No. 20.) The Court, however, believes the Motion is more easily resolved on the issue of contributory negligence. Thus, even if the Court were to assume that the pallet display breached a duty of care and Plaintiff's injuries were foreseeable, Plaintiff's contributory negligence would bar her recovery.

Even if the display was found to be unsafe, there is no duty to warn invitees if the object is "open and obvious to a person who is exercising reasonable care for [her] own safety." *Tazewell Supply Co. v. Turner*, 189 S.E.2d 347, 349 (Va. 1972) (quoting *Comess v. Norfolk General Hosp.*, 52 S.E.2d 125, 128 (Va. 1949)). In *Tazewell*, a shopper tripped over a 14-inch-tall box in a store aisle. 189 S.E.2d at 348–49. Even though the shopper had not seen the box, the Supreme Court of Virginia reasoned that the risk of tripping over the box was open and obvious to any person exercising reasonable care. *Id.* at 350. The Supreme Court concluded that the shopper was contributorily negligent by not avoiding the open and obvious risk. *Id.*; *accord Gottlieb v. Andrus*, 104 S.E.2d 743, 747 (Va. 1958) (analyzing similar facts and arriving at the same conclusion). In Virginia, in general, a plaintiff who is contributorily negligent cannot recover any damages for her injuries. *Tazewell*, 189 S.E.2d at 349.

In this case, according to the undisputed facts, Roberson tripped over the corner of a pallet display after she took roughly 16 seconds to place her purse on top of the display and organize its contents. (Roberson Dep. 25:4–17; Security Video.) Roberson passed this same pallet display when she entered the store as well. (Roberson Dep. 23:12–14.) After a 16-second opportunity to recognize the pallet display's shape and contours, any person exercising reasonable care would have been mindful to step around it. *See Tazewell*, 189 S.E.2d at 349. Thus, the risk of tripping over the pallet display was open and obvious to Roberson. *See id.* The risk is perhaps even *more* obvious than in *Tazewell* because Roberson had a full 16-second period to observe it.

5

Plaintiff argues that the risk of tripping over the pallet display was not open and obvious because the gap between the pallet's wooden slats at the bottom of the display was not in her field of view. (Pl.'s Resp. at 8–9, ECF No. 23.) While perhaps Plaintiff could not see the gap in the pallet, surely after 16 seconds she could see the pallet display as a whole and realize where the display ended and the path out of the store began. Moreover, the pallet's edge was almost entirely even with the cardboard boxes and detergent resting on top of it. (Security Video.) The pallet *was not* jutting out from the rest of the display where Plaintiff placed her handbag. (*Id.*) So, regardless of any gap in the pallet, a reasonable person would have stepped around the display to avoid it. *See Tazewell*, 189 S.E.2d at 349.

Because the risk of tripping over the pallet display was open and obvious and Roberson failed to avoid it, her negligence contributed to her injury. Under Virginia law, her contributory negligence fully bars any recovery she seeks in this lawsuit. *Id.* at 349; *Gottlieb*, 104 S.E.2d at 747. Based on the foregoing, Defendant's Motion (ECF No. 19) will be granted.[4]

An appropriate Order will accompany this Memorandum Opinion.

/s/
Henry E. Hudson
Senior United States District Judge

Date: February 11, 2022
Richmond, Virginia

---

[4] Because the Court will grant summary judgment in favor of the Defendant, the Court will also deny Defendant's Motion to Exclude Expert Testimony (ECF No. 21) as moot.